[Civ. No. 1406.  Second Appellate District.—May 17, 1916.]

## C. HARPOLD, Respondent, v. THOS. A. SLOCUM et al., Appellants.

ACTION ON PROMISSORY NOTE—CONSIDERATION—ERRONEOUS EXCLUSION OF EVIDENCE.—In an action on a promissory note, where the defendants in their answer do not deny its execution or the fact of nonpayment, but allege that it was given as security for the faithful performance on their part of a certain agreement, it is error for the court to exclude evidence offered by the defendants to support this plea, where it appears that the note was executed almost one year after the making of the contract, the contract containing no condition for the giving of security, but being complete in its recital of the things agreed upon by the parties, and when the note was given the time not having arrived when the defendants were called upon to account.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

B. P. Welch, and J. R. Jaffray, for Appellants.

Cedric E. Johnson, Andrews, Toland & Andrews, and Thos. O. Toland, for Respondent.

JAMES, J.—Appeal from a judgment in favor of the plaintiff, and from an order denying to the defendants a new trial.

Plaintiff brought this action to recover on a promissory note for the principal sum of $1,750, dated November 28, 1910, and maturing one year after date. Defendants answering did not deny the execution of the note nor the fact as alleged that nothing had been paid thereon, but affirmatively alleged that "said note, at the time of its execution and delivery, was and ever since has been, a security given by these defendants to the plaintiff for the faithful performance on their part of a certain agreement before that time entered into between said parties, which agreement is in words and figures as follows:

"This agreement, made and entered into this 2nd day of December, 1909, by and between C. Harpold of Santa Paula, State of California, and Thos. A. Slocum and J. H. Slocum of Los Angeles, State aforesaid, each with the other witnesseth;

"That all three of the parties are the owners of a certain house and lot, on Twenty-fifth street near San Pedro, for which they have traded the garage in Santa Paula, on which building C. Harpold owned a mortgage for one thousand dollars (1000), therefore, be it understood and agreed between all parties hereto, that as consideration for surrendering the mortgage, aforesaid, the said C. Harpold shall receive as an interest in such property, or out of any money received for the sale of the aforesaid house and lot, or any trade that is made on or with said property as a basis, the first thousand (1000) dollars after which all the remainder shall be divided among the several parties hereto in equal parts.

"It is understood and agreed among the three parties to this agreement that for convenience in handling the deed shall be

made out in the name of Thos. A. Slocum, though the owner-ship shall be held in all three in the ratio aforesaid and that the said Thos. A. Slocum shall act as Trustee.

"In witness whereof we hereby set our hands and seal the year and day above written.

"C. HARPOLD.<br>
"THOS. A. SLOCUM,<br>
"J. H. SLOCUM."

This allegation followed: "Defendants further state that there was no other consideration for the giving of said note than that it should be such security; that no consideration has passed to either of them or from said plaintiff for said note, and that plaintiff has not given up or assigned to defendants or to any one for them his rights under said agreement of trust. . . . " The genuineness and due execution of the contract set out in the answer, and above quoted, was admitted. (Code Civ. Proc., sec. 448.) Upon trial being had, objections to evidence offered on the part of the defendants to show the consideration for the note and that such consideration was only as they had alleged in their answer, were sustained. The trial court took the view that to allow such evidence would be to permit the varying of the terms of a written instrument. It will be observed that the note was executed almost one year after the making of the contract which is set out in the answer. This contract contained no condition for the giving of security to the plaintiff. It was complete in its recital of the things agreed upon by the parties. When the note was given the time had not arrived when the defendants were called upon to account—in other words, the contract had not matured. Under such a condition of fact the giving of the note would appear to have been a gratuitous act, rendered without legal consideration moving to the makers of the note. This, of course, assuming the allegations of the answer to be true. The question is, not whether the defendants might be able to maintain by sufficient evidence the claim set up by way of defense, but whether they should have been allowed to offer competent evidence to support the plea as made. We think the court erred in sustaining the objections. This was not a case which involved any rights of an innocent holder for value, but the action was directly between the parties to the original transaction.

30 Cal. App.—31

Some objection has been made to the sufficiency of the record presented. The irregularities complained of, we think, are not sufficient to justify us in discarding the record in considering the appeal.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.